UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
CHRISTOPHER LACCINOLE,              )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )   C.A. No. 14-447 S
                                    )
Judy B. Assad,                      )
                                    )
        Defendant.                  )
_____)

### ORDER

Plaintiff, Christopher Laccinole ("Laccinole"), has brought three suits relating to attempts to collect the same debt — moneys he allegedly owes to The Village Lower School, Inc. ("The Village Lower School"). In the first suit, C.A. No. 14-404 S, Plaintiff names Judy B. Assad ("Assad"), James D. Sylvester ("Sylvester"), and The Village Lower School as defendants. In the other two matters, C.A. No. 14-447 S and C.A. No. 14-508 S, Laccinole names Assad as the sole defendant. This Court consolidated these actions for more efficient case management. (ECF Nos. 37 (14-404), 18 (14-447), and 13 (14-508).)

Currently before the Court are Assad's Motion for Judgment on the Pleadings (ECF No. 7) ("Assad's Motion") and Laccinole's Motion for Leave to Amend Complaint (ECF No. 12) ("Laccinole's Motion") in C.A. No. 14-447 S. Assad's Motion

relies entirely on the Memorandum of Law she filed in support of her Motion for Judgment on the Pleadings in the related action, C.A. No. 14-404. There, Laccinole alleges that Assad violated a number of statutes, including the FDCPA, when she served and filed a collection action against Laccinole in state court. The present action involves the same debt, but it implicates a different collection action – Assad's use of pre-suit demand letters to collect the debt. These letters implicate different statutory provisions and prohibitions in the FDCPA and a different body of case law. Accordingly, the arguments Assad made in support of her Motion in C.A. 14-404 do not show that Laccinole also failed to state a claim in the present action, warranting denial of Assad's motion without prejudice.

Before granting Laccinole leave to file an amended complaint, however, the Court reminds Laccinole that he is still subject to Fed. R. Civ. P. 11. Under this rule, the Court has discretion to impose sanctions even on an unrepresented party if he or she submits a pleading that is frivolous or brought for an improper purpose. Fed. R. Civ. P. 11(b)-(c); see Flemon v. Massachusetts Atty. Gen., Civil Action Nos. 13-11518-RWZ, 13-11523-RWZ, 2013 WL 3732880, at *5 (D. Mass. July 12, 2013). Further, the Court has inherent

power to control the conduct of litigants who appear before it and to sanction bad-faith or vexatious behavior.  Id.

Here, as noted in the Order dismissing Laccinole's claims in C.A. 14-404, Laccinole has brought fourteen lawsuits relating to debts he allegedly owes. (See Memorandum and Order 27 n.6, ECF No. 40, C.A. No. 14-404.)  While the majority of these cases have settled prior to defendants filing an answer, the two that courts have considered on the merits have been dismissed.  See id.; Laccinole v. Twin Oaks Software Dev., Inc., No. CA 13-716 ML, 2014 WL 2440400, at *7 (D.R.I. May 30, 2014).  Indeed, in one, Laccinole was reminded that the FDCPA does not exist to enable him to "bring serial lawsuits against different debt collector defendants alleging various and often insignificant – in this case nonexistent – deviations from the [FDCPA's] requirements." Twin Oaks, 2014 WL 2440400 at *12.

Based on Laccinole's history with this Court, Laccinole is WARNED that amending his complaint to bring a frivolous or meritless lawsuit may warrant the imposition of sanctions including fines, an order to pay the legal fees incurred by defendant in defending the suit, and an injunction enjoining him from filing further lawsuits absent prior permission of a judge to file.

With this warning, Assad's Motion for Judgment on the Pleadings (ECF No. 7) is DENIED WITHOUT PREJUDICE. Laccinole's Motion for Leave to Amend Complaint is GRANTED. If he so chooses, and subject to the requirements of Fed. R. Civ. P. 11, Laccinole may file an amended complaint within ten days (10) of the date of this Order.

IT IS SO ORDERED.

/s/ W. Smith
William E. Smith
Chief Judge
Date:  March 7, 2016